## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Crim. No. 23-CR-1833-JB

**CAMILLE DAMON,**
**RONALD BELONE, and**
**TYRAN BEGAY**,

        Defendants.

### UNOPPOSED MOTION FOR A PROTECTIVE ORDER AS TO CAMILLE DAMON

The United States respectfully moves this Court under Federal Rule of Criminal Procedure Rule 16(d)(1) and the Crime Victims' Rights Act, 18 U.S.C. § 3771 (a)(8), (the "Act"), to enter a protective order restricting access to, and redistribution of, (1) autopsy photographs for John Doe from the New Mexico Office of the Medical Investigator ("OMI") and (2) banking and financial institution records in the name of John Doe.  The United States sets forth the following in support of this motion:

### I.    BACKGROUND

On December 19, 2023, a federal grand jury returned an indictment charging all three defendants with two felony counts committed in Indian Country, in violation of 18 U.S.C. §§ 1153 and 1111, and 18 U.S.C. §§ 1153 and 1201(a)(2).

Defendants are alleged to have kidnapped and murdered John Doe on or about February 6-10, 2020.  There are photographic records of John Doe's forensic pathological examination at OMI, as well as records from John Doe's banking and financial institution.  These records contain

personally identifiable information (PII) and photographs of the decedent during his pathological examination.

The United States anticipates disclosing myriad investigative material in compliance with its Constitutional obligations, and the United States fully intends to disclose this material to defense counsel.  However, there is valid reason to restrict general access to these photographs and financial institution records given the victim's privacy interest.

## II.    ANALYSIS

A "trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *United States v. Tsethlikai*, 2018 WL 3801248, at *2 (D.N.M. Aug. 9, 2018) (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).  Rule 16 of the Federal Rules of Criminal Procedure, entitled "Protective and Modifying Orders," states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  "The party moving for the protective order bears the burden of establishing good cause." *Tsethlikai*, 2018 WL 3801248, at *2 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  "Typically, a party can show good cause when it demonstrates that disclosure of the materials will cause a specific and significant harm that outweighs the opposing party's interest." *Id*. (citing *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005)).

The Crime Victim's Rights Act requires that victims are treated with fairness and with respect for their dignity and privacy.  18 U.S.C. § 3771 (a)(8).  The statute imposes an affirmative

obligation on both the Court and the prosecution to ensure that this right is protected.  18 U.S.C. §§ 3771(b)(l) and (c).

As stated above, the United States is requesting protection of the victim's autopsy photographs and financial institution records.  The financial records include sensitive and private information, and the photographs show the victim at his most vulnerable. "In the Tenth Circuit, '[t]here is no dispute that [this] confidential medical information is entitled to constitutional privacy protection.'"  *Tsethlikai*, 2018 WL 3801248, at *2 (quoting *A.L.A. v. W. Valley City*, 26 F.3d 989, 990 (10th Cir. 1994)).  As Judge Johnson explained in granting a similar request for a protective order, "[t]he Circuit has readily and repeatedly acknowledged that 'medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection, . . . .'"  *Id*. (quoting *Ortlieb v. Howery*, 74 Fed. Appx. 853, 856 (10th Cir. 2003)).

## III.   CONCLUSION

Accordingly, considering the victim's right for privacy and respect, the United States submits that there is good cause for the Court to enter a protective order with the following terms:

   a. The OMI photographs and financial records (hereinafter referred to as "confidential material") received by Defendants' attorneys from the United States shall be safeguarded and not be shown or otherwise provided or disclosed to individuals other than:

      i.   Defendant;

      ii.  Defendant's attorney of record;

      iii. employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of this action; and

3

    iv.    experts, consultants or witnesses who are assisting in this action.

Individuals to whom confidential material is shown or otherwise provided must be provided with a copy of this protective order and agree to be bound by its terms.

Individuals to whom confidential material is shown or otherwise provided must be provided with a copy of this protective order and agree to be bound by its terms.

b.    Confidential material received by Defendant shall be used solely for the purposes of this action. Nothing in this protective order limits Defendant or the United States from disclosing material in this or related judicial proceedings, including in motions, at hearings, at trial, or in an appeal. However, this protective order requires that should the parties use this material in any proceeding, it be sealed or otherwise protected from public view provided that the parties may also seek to file confidential material publicly with appropriate redactions pursuant to Fed. R. Crim. P. 49.1. Such filing can be accomplished by agreement of the parties, or if no agreement can be reached, by order of the Court upon appropriate motion.

c.    Counsel for Defendant and/or anyone properly assisting counsel shall not give any copies of the confidential material directly to Defendant. Defendant shall review this material only in the presence of counsel.

d.    After sentencing or acquittal in this matter, counsel for Defendant is permitted to retain and safeguard a copy of the confidential material, but shall collect from the defense team and return all remaining physical files, if any, meeting the definition of confidential information, including, but not limited to, reports and photographs, to the U.S. Attorney's Office at the conclusion of this case.  Counsel for Defendant is further directed to destroy

all electronic media and data that qualifies under the same at the conclusion of this case.

For the foregoing reasons, the United States respectfully requests that the Court enter a protective order, the terms of which have been agreed to by the parties.

Sincerely,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically filed on March 1, 2024*
MARK PROBASCO
Assistant United States Attorney

I HEREBY CERTIFY that on March 1, 2024,
I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system,
which will cause a copy of this filing to be
sent to counsel for Defendant.

*/s/*
MARK PROBASCO
Assistant United States Attorney

5